UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DASHAWN REESE, *pro se*,                          :
                                                  :     **SUMMARY ORDER**
                                    Petitioner,   :     15-CV-6083 (DLI)
                                                  :
          -against-                               :
                                                  :
UNITED STATES OF AMERICA,                         :
                                                  :
                                    Respondent.   :
                                                  :
-------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On October 16, 2015, *pro se*[1] Petitioner Dashawn Reese ("Petitioner") filed the instant petition ("Petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("§ 2241"), seeking to vacate the conviction and sentence entered in *United States v. Reese*, No. 06-cr-413 (DLI). Petitioner's motion to proceed *in forma pauperis* is granted. (*See* Dkt. Entry No. 5.) However, for the reasons set forth below, this case is transferred to the United States Court of Appeals for the Second Circuit for a determination of whether Petitioner's successive § 2241 Petition may proceed in this Court.

## DISCUSSION

Petitioner previously challenged the same conviction and sentence he seeks to vacate through the instant Petition by filing a motion pursuant to 28 U.S.C. § 2255 ("§ 2255"). *See Reese v. United States*, No. 11-cv-5432 (DLI). On January 23, 2012, this Court denied Petitioner's § 2255 motion as time barred under the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Reese v. United States*,

---

[1] In reviewing Petitioner's pleadings, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the Petition "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

2012 WL 195607 (E.D.N.Y. Jan. 23, 2012).

In light of that dismissal, § 2255 prohibits this Court from considering a second or successive motion by Petitioner, challenging the same conviction and sentence, unless the Court of Appeals first authorizes the filing of the motion. Specifically, § 2255 provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) A new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Ostensibly seeking to evade those restrictions, Petitioner filed the instant Petition pursuant to § 2241, rather than § 2255. Nevertheless, the Court of Appeals has held that "§ 2255 is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Therefore, "as a general rule, federal prisoners must use § 2255 instead of [§ 2241] to challenge a sentence as violating the Constitution or laws of the United States." *Id.* at 147. Moreover, the Court of Appeals has made clear that § 2241 may not be used as a means to evade the restrictions on second or successive motions imposed by § 2255. Accordingly, "when presented with a § 2241 petition raising previously available claims appropriately the subject of a § 2255 motion, district courts should construe the petition as a second or successive § 2255 motion and transfer it to this Court for certification, so long as the prisoner had a prior § 2255 motion dismissed on the merits." *Id.* at 148.

Here, the Court's denial of Petitioner's previous § 2255 motion as time barred was a

2

dismissal on the merits. *See Villanueva v. United States*, 346 F.3d 55, 61 (2d Cir. 2003) ("[A] habeas or § 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes.") Furthermore, upon the Court's careful review, all of the claims in the instant § 2241 Petition could have been raised in Petitioner's previous § 2255 motion. It follows that the § 2241 Petition is successive, and, therefore, this Court lacks jurisdiction to consider its merits without prior authorization from the Court of Appeals. *See Pointdexter v. Nash*, 333 F.3d 372, 382 (2d Cir. 2003) ("The district court has no power to entertain a second or successive § 2255 motion unless the appropriate court of appeals has authorized the filing of that motion in the district court.") Accordingly, this case is transferred to the Court of Appeals pursuant to 28 U.S.C. § 1631, in the interest of justice, for a determination of whether Petitioner's successive § 2241 Petition may proceed in this Court.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is directed to transfer this case to the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, and to close this case on the docket of this Court. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen the case under this docket number, 15-cv-6083. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      January 8, 2016

                                       /s/
                                DORA L. IRIZARRY
                              United States District Judge